# UNITED STATES DISTRICT COURT

FILED/REC'D
2026 JUL -8 A 11: 05
U.S. ... ....RT
....... COURT
MD OF WI

## WESTERN DISTRICT OF WISCONSIN

DAVID FREDRICK,
Plaintiff,

v.

ORIONS MANAGEMENT GROUP, LLC,
Registered Agent: Luis I. Lopez
2050 South Santa Cruz Street, Suite 2000
Anaheim, CA 92805,

and

**26  CV  620  WMC**

U S CAPITAL CLAIMS LLC,
Registered Agent: Maria Garcia-Brown
9496 Magnolia Avenue, Suite 202
Riverside, CA 92503,

Defendants.

Case No. _____

# COMPLAINT

## NATURE OF THE ACTION

1. This is an action for damages and other relief arising from Defendants' unlawful attempts to collect an alleged consumer debt in violation of the **Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.**, and the **Wisconsin Consumer Act ("WCA"), Wis. Stat. §§ 427.101 et seq.**
2. Plaintiff alleges that Defendants engaged in a pattern of deceptive, misleading, and abusive debt collection practices, including failing to make required statutory disclosures, refusing to meaningfully identify themselves, making false and inconsistent representations concerning the legal status and credit reporting of the alleged debt, using abusive and harassing language, and threatening collection actions that Plaintiff alleges were not legally authorized.

3. Plaintiff further alleges that Defendant U S Capital Claims LLC acted as the authorized collection agent for Defendant Orions Management Group, LLC, and that Orions Management Group, LLC remained the owner of the alleged debt while directing and benefiting from U S Capital Claims LLC's collection activities. Plaintiff therefore seeks to hold Orions Management Group, LLC vicariously liable, to the extent permitted by law, for unlawful collection conduct undertaken on its behalf.

4. Plaintiff seeks actual damages, statutory damages, costs, attorney's fees if authorized by law, and such additional relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331** because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

6. This Court has supplemental jurisdiction over Plaintiff's Wisconsin Consumer Act claims pursuant to **28 U.S.C. § 1367** because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

7. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because Plaintiff resides in Wisconsin, the communications giving rise to this action were directed to Plaintiff in Wisconsin, and a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

8. Plaintiff **David Fredrick** is a natural person residing in Jefferson County, Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant **Orions Management Group, LLC** is a California limited liability company engaged in the business of purchasing defaulted consumer debts and collecting or attempting to collect those debts either directly or through third-party collection agencies. Upon information and belief, its registered agent for service of process is **Luis I. Lopez**.

10. Defendant **U S Capital Claims LLC** is a California limited liability company engaged in the business of collecting consumer debts on behalf of others. Upon information and belief, its registered agent for service of process is **Maria Garcia-Brown**.

11. At all times relevant to this Complaint, each Defendant was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## INTRODUCTION

12. This case arises from Defendants' attempts to collect an alleged consumer credit card debt originally associated with an Indigo Mastercard account.

13. Plaintiff alleges that Defendants repeatedly communicated with him concerning the alleged debt while making materially inconsistent statements regarding the account's

delinquency date, charge-off date, last payment date, credit reporting status, and collection authority.

14. Plaintiff further alleges that Defendants failed to provide disclosures required by the FDCPA during multiple telephone communications, refused to meaningfully identify themselves upon request, used abusive and intimidating collection tactics, and attempted to pressure Plaintiff into paying an alleged debt despite Plaintiff repeatedly disputing material aspects of the account and expressly refusing payment.

15. The factual allegations set forth below are organized chronologically to present the sequence of Defendants' collection activities and to demonstrate the relationship between the two Defendants, including Plaintiff's allegation that U S Capital Claims LLC acted as the collection agent of Orions Management Group, LLC throughout the events giving rise to this action.

# STATEMENT OF FACTS

## A. The Alleged Indigo Mastercard Debt and Orions Management Group's Initial Collection Activity

16. On or about January 2025, Plaintiff received correspondence from Defendant Orions Management Group, LLC ("Orions") regarding an alleged consumer debt originally associated with an Indigo Mastercard account.

17. The correspondence informed Plaintiff that Orions had acquired the alleged debt and that Plaintiff had the right to dispute the alleged obligation.

18. After receiving the correspondence, Plaintiff attempted to contact Orions to dispute the alleged debt and obtain additional information regarding the account.

19. Plaintiff initially attempted to call Orions, but no representative answered. Plaintiff called again on or about January 26, 2025, and spoke with an Orions representative. Plaintiff recorded this telephone communication.

20. During the January 26, 2025 telephone conversation, the Orions representative identified the communication as being from a debt collector.

21. However, the Orions representative did not provide the required disclosure that any information obtained during the communication would be used for the purpose of collecting a debt.

22. During the call, Plaintiff attempted to determine the history of the alleged debt, including the date of last payment, charge-off date, and other account information.

23. The Orions representative stated that the account had been charged off on or about July 10, 2018.

24. When Plaintiff asked for the date of last payment, the Orions representative was unable to provide a clear answer.

25. The Orions representative stated that the alleged account was still within the period for credit reporting but acknowledged that this depended on the date of last payment and that the reporting period may or may not have expired.

26. Plaintiff informed the Orions representative that, based upon the information available to him, the statute of limitations for collection was likely expired and that he had no intention of paying the alleged debt.

27. After Plaintiff clearly stated that he did not intend to pay the alleged debt, the Orions representative informed Plaintiff that he may continue to receive calls and letters regarding the account.

28. The Orions representative further stated that Orions may write off the alleged debt, which could result in the issuance of an IRS Form 1099-C, and used that possibility as part of an attempt to persuade Plaintiff to make payment.

29. The Orions representative then offered Plaintiff a settlement opportunity of approximately 30% of the alleged balance.

30. The Orions representative further suggested that payment would result in the debt being resolved and would avoid potential credit reporting consequences or issuance of a Form 1099-C.

31. Plaintiff again informed Orions that he was not going to pay the alleged debt.

32. Despite Plaintiff's refusal to pay, the Orions representative continued discussing possible future settlement offers and provided Plaintiff with a direct telephone number, stating that additional settlement options may become available.

33. Plaintiff alleges that Orions' January 2025 collection activity demonstrated that Orions had knowledge of the alleged account, controlled the collection process, and was actively attempting to obtain payment from Plaintiff.

---

## B. U S Capital Claims LLC's July 9, 2025 Collection Call

34. On July 9, 2025, at approximately 1:20 p.m. Central Standard Time, Plaintiff received an incoming telephone call regarding the alleged Indigo Mastercard debt.

35. When Plaintiff answered the call, the initial caller asked whether he was David Fredrick.

36. Plaintiff asked the caller who he was calling on behalf of before confirming his identity.

37. The caller stated that he was calling from U S Capital Claims LLC ("U S Capital").

38. Plaintiff attempted to obtain additional information regarding the company contacting him and the purpose of the call.

39. Instead of providing additional information, the initial representative transferred Plaintiff to another individual.

40. A female representative then came on the line. Plaintiff requested information regarding who she was, the company she represented, and the purpose of the communication.

41. The female representative refused to meaningfully identify herself or provide information regarding the company she represented.

42. The female representative repeatedly stated that the requested information did not matter.

43. At no time during this communication did the female representative provide the required disclosure that she was a debt collector or that information obtained during the communication would be used for debt collection purposes.
44. During the call, the representative repeatedly demanded that Plaintiff answer whether he intended to pay the alleged Indigo Mastercard debt.
45. Plaintiff repeatedly attempted to obtain identifying information about the company contacting him before discussing payment.
46. The representative continued demanding payment rather than providing requested information regarding her identity and the company she represented.
47. The representative stated that Plaintiff needed to pay the alleged debt or he would remain in collections.
48. The representative further threatened that Plaintiff's information would continue to be passed around until the alleged debt was paid.
49. When Plaintiff again requested identifying information about the company, the representative refused and stated only that she was with a collection agency.
50. During the conversation, Plaintiff attempted to explain that he did not know whether the alleged debt was valid and that he was attempting to determine who was contacting him.
51. The representative responded by asserting that the debt belonged to Plaintiff and that was why they were contacting him.
52. The representative accused Plaintiff of acting stupid while Plaintiff was attempting to obtain basic information regarding the identity of the caller and the company.
53. Plaintiff attempted to remain calm throughout the conversation and attempted to obtain information about the alleged debt and the entity attempting collection.
54. Plaintiff eventually informed the representative that he needed to return to work.
55. The representative ended the call by disconnecting the communication.
56. Plaintiff was only able to record a portion of this communication because he began recording after the call had already started.

---

## C. Plaintiff's July 10, 2025 Follow-Up Call to U S Capital Claims LLC

57. On July 10, 2025, at approximately 1:00 p.m. Central Standard Time, Plaintiff called the telephone number associated with U S Capital to obtain additional information regarding the alleged debt and the company attempting collection.
58. The first representative who answered identified himself as Adam Clark with "U S Capital Claims."
59. Plaintiff explained that he was attempting to obtain information regarding the prior day's communication and the company contacting him.
60. Adam Clark informed Plaintiff that he would transfer Plaintiff to the legal department so that the matter could be explained in greater detail.

61. During this initial portion of the call, Adam Clark did not disclose that the communication was from a debt collector or that information obtained would be used for debt collection purposes.

62. Plaintiff was transferred to another representative who answered, "Legal department, this is David."

63. The representative later identified himself as David Jennings and stated that he worked in the legal department of U S Capital.

64. Plaintiff explained that he was calling because a representative had contacted him the previous day and had become hostile during the communication.

65. Mr. Jennings apologized regarding Plaintiff's prior experience and proceeded to verify Plaintiff's information.

66. Mr. Jennings provided information regarding U S Capital, including its company identity and address.

67. Mr. Jennings stated that U S Capital was a multi-location company.

68. Mr. Jennings stated that U S Capital had previously sent correspondence to Plaintiff's address approximately one month earlier.

69. Plaintiff informed Mr. Jennings that he did not have such correspondence among his financial records, although Plaintiff acknowledged that he could not rule out that someone else in his household may have received the correspondence.

70. Mr. Jennings stated that the alleged account had been forwarded to his office for further action.

71. Mr. Jennings claimed that the alleged account was something appearing on Plaintiff's credit report.

72. Plaintiff informed Mr. Jennings that nothing from Orions or U S Capital was appearing on his credit reports.

73. Mr. Jennings insisted that the account should appear under Orions Management Group, LLC.

74. Mr. Jennings asked Plaintiff whether he had previously maintained an account with Indigo Mastercard.

75. Plaintiff acknowledged that he had an Indigo Mastercard account years earlier but stated that he was uncertain of the exact timeframe.

76. Mr. Jennings stated that his records showed the last activity on the account occurred in 2020, while also stating that the account had been charged off.

77. Plaintiff specifically denied making any payment to Indigo Mastercard in 2020.

78. Mr. Jennings nevertheless insisted that his records reflected activity or payment in 2020.

79. Mr. Jennings stated that the alleged balance owed was $517.12.

80. Plaintiff explained that he believed the information was inaccurate because he had not made payments or promised to pay the alleged debt after the account was charged off.

81. Plaintiff explained that if the account became delinquent in January 2018, as later stated by Mr. Jennings, then the last payment would likely have occurred in or around December 2017.

82. Mr. Jennings alternately stated that the account became delinquent in January 2018, was charged off in 2019, and had a "final payment" in 2020.

83. Plaintiff alleges these inconsistent statements created confusion regarding the actual history and legal status of the alleged debt.

84. During the call, Mr. Jennings offered Plaintiff a settlement amount of approximately $300 to resolve the alleged debt.

85. Mr. Jennings stated that resolving the account would ensure that it would not appear anymore on Plaintiff's credit.

86. Plaintiff informed Mr. Jennings that he believed the alleged debt was outside the applicable statute of limitations and that he had no intention of paying it.

87. Despite Plaintiff's refusal to pay, Mr. Jennings stated that once the account left U S Capital there was a possibility it could be transferred somewhere else.

88. Plaintiff asked whether U S Capital had purchased the alleged debt.

89. Mr. Jennings stated that U S Capital had not purchased the debt.

90. Mr. Jennings stated that U S Capital was collecting on behalf of Orions Management Group, LLC.

91. Mr. Jennings stated that Orions was the purchaser of the alleged debt from Celtic.

92. Plaintiff asked what would happen if he continued refusing payment.

93. Mr. Jennings stated that the account would be sent back to Orions and that Orions would decide what further action would occur.

94. Mr. Jennings stated that Orions could forward the account elsewhere for additional collection activity.

95. Mr. Jennings offered again to send Plaintiff an offer to resolve the alleged debt for a reduced amount.

96. Plaintiff again stated that he disputed the alleged debt and believed it was beyond the statute of limitations.

97. Plaintiff asked whether U S Capital was licensed to collect debts in Wisconsin.

98. Mr. Jennings responded that Plaintiff could look up that information himself.

99. Plaintiff informed Mr. Jennings that he believed the information being used by U S Capital was incorrect and that the alleged debt was likely beyond the statute of limitations.

100. Mr. Jennings responded that Plaintiff could believe what he wanted and stated that he would note the account as a refusal to pay and send it back to Orions.

101. At no time during the July 10, 2025 communication did Mr. Jennings state that the communication was from a debt collector or that information obtained would be used for debt collection purposes.

# AGENCY RELATIONSHIP AND VICARIOUS LIABILITY

102. Plaintiff incorporates paragraphs 1 through 101 as though fully set forth herein.

103. During the July 10, 2025 telephone conversation, Defendant U S Capital Claims LLC, through its representative David Jennings, expressly informed Plaintiff that U S

Capital Claims LLC had not purchased the alleged debt and was not the owner of the alleged account.

104. Mr. Jennings stated that U S Capital Claims LLC was collecting on behalf of Defendant Orions Management Group, LLC.

105. Mr. Jennings further stated that Orions Management Group, LLC was the purchaser of the alleged debt from the original creditor or prior owner, identified during the call as Celtic.

106. Mr. Jennings stated that if Plaintiff continued refusing payment, U S Capital Claims LLC would return the account to Orions Management Group, LLC and that Orions would determine what further action would occur.

107. Mr. Jennings further stated that Orions could forward the account to another entity for additional collection activity.

108. Based upon these statements, Plaintiff alleges that Orions Management Group, LLC retained ownership of the alleged debt during all relevant times and engaged U S Capital Claims LLC as its authorized collection agent.

109. Plaintiff alleges that U S Capital Claims LLC acted within the course and scope of that agency relationship when communicating with Plaintiff, attempting to obtain payment, making representations concerning the alleged debt, and threatening potential future collection activity.

110. Plaintiff alleges that Orions Management Group, LLC authorized, directed, controlled, or benefited from the collection activities performed by U S Capital Claims LLC.

111. Plaintiff alleges that Orions Management Group, LLC had knowledge that U S Capital Claims LLC was contacting consumers, including Plaintiff, in an effort to collect alleged debts owned by Orions.

112. Plaintiff alleges that Orions Management Group, LLC cannot avoid responsibility for unlawful collection conduct by outsourcing collection communications to a third-party collection company while continuing to own and benefit from the alleged debt.

113. Plaintiff therefore alleges that Orions Management Group, LLC is vicariously liable for the unlawful collection activities undertaken by U S Capital Claims LLC to the extent permitted under the Fair Debt Collection Practices Act, the Wisconsin Consumer Act, and applicable agency principles.

# RELATIONSHIP BETWEEN THE JANUARY 2025 AND JULY 2025 COLLECTION ACTIVITY

114. Plaintiff incorporates paragraphs 1 through 113 as though fully set forth herein.

115. The January 2025 communications from Orions Management Group, LLC and the July 2025 communications from U S Capital Claims LLC concerned the same alleged Indigo Mastercard debt.

116. Plaintiff alleges that after Plaintiff disputed the alleged debt and expressly informed Orions Management Group, LLC that he would not pay, Orions continued collection efforts through U S Capital Claims LLC.

117. Plaintiff alleges that the July 2025 communications were not isolated events, but were part of Defendants' coordinated effort to collect the same alleged consumer debt.

118. Plaintiff alleges that the January 2025 communications demonstrate that Orions had knowledge of the alleged account history, knew Plaintiff disputed the alleged debt, and knew Plaintiff refused payment before U S Capital Claims LLC began its collection efforts.

119. Plaintiff alleges that these facts are relevant to establish Defendants' relationship, ownership of the alleged debt, intent, knowledge, course of conduct, and the circumstances surrounding the July 2025 collection attempts.

120. To the extent Defendants argue that any claims arising from the January 2025 communications are untimely, Plaintiff alleges in the alternative that the January 2025 communications remain relevant evidence supporting Plaintiff's timely claims arising from the July 2025 communications.

121. Plaintiff further alleges in the alternative that Defendants' continued collection activity concerning the same alleged debt constituted an ongoing course of conduct, with later communications by U S Capital Claims LLC constituting separate and independent violations occurring within the applicable limitations period.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. §§ 1692 ET SEQ.

122. Plaintiff incorporates paragraphs 1 through 121 as though fully set forth herein.

123. At all relevant times, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3).

124. At all relevant times, Defendants were "debt collectors" as defined by 15 U.S.C. § 1692a(6).

125. The alleged Indigo Mastercard account was a consumer debt arising from a transaction primarily for personal, family, or household purposes.

# A. Failure to Provide Required Debt Collection Disclosures

## 15 U.S.C. § 1692e(11)

126. Plaintiff realleges and incorporates the preceding paragraphs.
127. The FDCPA requires debt collectors communicating with consumers in connection with the collection of a debt to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.
128. During the January 26, 2025 communication, Orions identified itself as a debt collector but failed to provide the required disclosure that information obtained would be used for the purpose of collecting a debt.
129. During the July 9, 2025 communication, the U S Capital Claims LLC representative failed to disclose that the communication was from a debt collector and failed to disclose that information obtained would be used for debt collection purposes.
130. During the July 10, 2025 communication, neither Adam Clark nor David Jennings disclosed that the communication was from a debt collector or that information obtained would be used for debt collection purposes.
131. Defendants' failure to provide required disclosures violated 15 U.S.C. § 1692e(11).

# B. False, Deceptive, and Misleading Representations

## 15 U.S.C. § 1692e

132. Plaintiff realleges and incorporates the preceding paragraphs.
133. The FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of a debt.
134. Defendants violated this provision by making inconsistent representations regarding the alleged debt, including inconsistent statements concerning:

a. the date of last payment;

b. the date of delinquency;

c. the charge-off date;

d. whether the alleged debt remained eligible for credit reporting; and

e. the legal status of the alleged obligation.

135. Orions represented that the alleged debt could be reported to credit bureaus despite acknowledging uncertainty regarding the date of last payment and the applicable reporting period.

136. U S Capital Claims LLC represented that the alleged debt should appear on Plaintiff's credit report despite Plaintiff informing U S Capital Claims LLC that no such reporting appeared.

137. Mr. Jennings represented that the account reflected activity or payment in 2020 despite Plaintiff's statement that he made no payment and no promise to pay in 2020.

138. Defendants' representations were misleading and had the natural tendency to deceive Plaintiff regarding the status, enforceability, and consequences of the alleged debt.

139. Defendants' conduct violated 15 U.S.C. § 1692e.

## C. False Representation of Legal Status of Debt

## 15 U.S.C. § 1692e(2)(A)

140. Plaintiff realleges and incorporates the preceding paragraphs.

141. Defendants represented or implied that the alleged debt remained legally collectible and capable of causing continuing credit consequences.

142. Plaintiff alleges Defendants lacked a reasonable basis for such representations because Defendants possessed inconsistent account information regarding delinquency, payment history, charge-off, and reporting status.

143. Defendants' conduct violated 15 U.S.C. § 1692e(2)(A).

## D. Threatening Action Not Intended or Legally Permitted

## 15 U.S.C. § 1692e(5)

144. Plaintiff realleges and incorporates the preceding paragraphs.

145. The FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that the debt collector does not intend to take.

146. During the January 26, 2025 communication, Plaintiff informed Orions Management Group, LLC that he believed the alleged debt was outside the applicable statute of limitations and that he did not intend to make payment.

147. After Plaintiff refused payment, Orions continued discussing potential collection consequences, including possible future collection communications, credit reporting consequences, and the possibility of a Form 1099-C.

148. Plaintiff alleges that Orions' statements created the impression that Plaintiff faced continuing adverse consequences if he refused to pay an allegedly time-barred debt.

149. During the July 9, 2025 communication, U S Capital Claims LLC repeatedly pressured Plaintiff to pay the alleged debt and stated that Plaintiff would remain in collections if he did not pay.

150. The U S Capital Claims LLC representative further threatened that Plaintiff's information would continue to be passed around until payment was made.

151. During the July 10, 2025 communication, David Jennings stated that if Plaintiff refused payment, there was a possibility that the account would be transferred elsewhere for further collection activity.

152. Plaintiff alleges these statements were intended to pressure him into payment by creating fear of additional collection consequences.

153. Plaintiff alleges that Defendants' threats violated 15 U.S.C. § 1692e(5).

---

## E. Harassing, Oppressive, and Abusive Conduct

### 15 U.S.C. § 1692d

154. Plaintiff realleges and incorporates the preceding paragraphs.

155. The FDCPA prohibits debt collectors from engaging in conduct intended to harass, oppress, or abuse any person in connection with the collection of a debt.

156. During the July 9, 2025 communication, the U S Capital Claims LLC representative refused Plaintiff's reasonable attempts to identify the company contacting him.

157. Rather than providing basic identifying information, the representative repeatedly dismissed Plaintiff's requests and continued demanding payment.

158. The representative repeatedly demanded that Plaintiff answer whether he was going to pay the alleged Indigo Mastercard debt.

159. Plaintiff alleges that the representative's refusal to provide identifying information while continuing payment demands was intended to pressure and intimidate Plaintiff.

160. During the communication, the representative accused Plaintiff of acting stupid while Plaintiff was attempting to determine the identity of the company contacting him.

161. The representative's tone, refusal to provide information, repeated demands for payment, and statements regarding continued collection activity constituted abusive and harassing conduct.

162. Plaintiff alleges that Defendants' conduct violated 15 U.S.C. § 1692d.

---

## F. Failure to Meaningfully Disclose Identity

### 15 U.S.C. § 1692d(6)

163. Plaintiff realleges and incorporates the preceding paragraphs.

164. The FDCPA prohibits debt collectors from placing telephone calls without meaningfully disclosing the caller's identity and the identity of the debt collection company.

165. During the July 9, 2025 communication, Plaintiff repeatedly requested information regarding the identity of the person calling and the company represented.

166. The U S Capital Claims LLC representative refused to provide meaningful identification and repeatedly stated that the requested information did not matter.

167. The representative eventually stated only that she was with a collection agency without providing additional identifying information.

168. Plaintiff alleges that this conduct prevented him from understanding who was attempting collection and prevented meaningful communication regarding the alleged debt.

169. Plaintiff alleges that U S Capital Claims LLC violated 15 U.S.C. § 1692d(6).

## G. Unfair Collection Practices

### 15 U.S.C. § 1692f

170. Plaintiff realleges and incorporates the preceding paragraphs.

171. The FDCPA prohibits debt collectors from using unfair or unconscionable means in connection with debt collection.

172. Defendants engaged in unfair collection practices by attempting to obtain payment through misleading statements regarding:

a. the enforceability of the alleged debt;

b. the consequences of refusing payment;

c. potential credit reporting consequences;

d. the alleged payment history; and

e. the future transfer of the alleged account.

173. Plaintiff alleges that Defendants attempted to pressure payment from Plaintiff by using inaccurate, inconsistent, and misleading information rather than providing clear and accurate information regarding the alleged debt.

174. Defendants' conduct violated 15 U.S.C. § 1692f.

# COUNT II

# VIOLATIONS OF THE WISCONSIN CONSUMER ACT

# WIS. STAT. § 427.104

175.    Plaintiff incorporates paragraphs 1 through 174 as though fully set forth herein.

176.    Plaintiff is a "customer" and consumer protected by the Wisconsin Consumer Act.

177.    Defendants engaged in debt collection activity regulated by Chapter 427 of the Wisconsin Statutes.

178.    Wisconsin law prohibits debt collectors from engaging in conduct including harassment, threats, false representations, and attempts to collect debts through deceptive means.

## A. Harassment and Abuse

### Wis. Stat. § 427.104(1)(h)

179.    Plaintiff realleges and incorporates the preceding paragraphs.

180.    Defendants violated Wis. Stat. § 427.104(1)(h) by engaging in harassing conduct during collection communications.

181.    This conduct included repeated demands for payment after Plaintiff disputed the debt, refusing to provide requested identifying information, speaking to Plaintiff in an aggressive and intimidating manner, and attempting to pressure Plaintiff into immediate payment.

182.    Plaintiff alleges this conduct was intended to harass, intimidate, and pressure him into paying an alleged debt.

## B. False or Misleading Representations

### Wis. Stat. § 427.104(1)(e)

183.    Plaintiff realleges and incorporates the preceding paragraphs.

184.    Defendants violated Wis. Stat. § 427.104(1)(e) by making false, deceptive, or misleading representations concerning the alleged debt.

185. These representations included inconsistent statements regarding the account history, payment activity, charge-off date, credit reporting status, and consequences of nonpayment.

186. Plaintiff alleges Defendants' statements had the capacity to mislead a reasonable consumer regarding the legal status of the alleged obligation.

---

## C. Attempting to Enforce Rights They Did Not Possess

### Wis. Stat. § 427.104(1)(j)

187. Plaintiff realleges and incorporates the preceding paragraphs.

188. Defendants violated Wis. Stat. § 427.104(1)(j) by attempting to collect the alleged debt while making representations implying legal consequences that Plaintiff alleges were unavailable or unenforceable.

189. Plaintiff alleges Defendants attempted to obtain payment through representations concerning credit reporting, future collection activity, and account transfers despite uncertainty regarding the legal status and enforceability of the alleged debt.

190. Plaintiff alleges Defendants knew or should have known the information being provided to Plaintiff was incomplete, inconsistent, or inaccurate.

---

# DAMAGES

191. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages, including emotional distress, frustration, anxiety, inconvenience, loss of time, and expenses incurred in attempting to understand and respond to Defendants' collection activities.

192. Plaintiff has expended substantial time documenting Defendants' conduct, reviewing account information, researching his rights, and preparing this action.

193. Plaintiff alleges Defendants acted intentionally, willfully, and with disregard for Plaintiff's rights.

194. Plaintiff alleges that Defendants' conduct warrants an award of punitive damages to the extent permitted by applicable law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Fredrick respectfully requests that this Court enter judgment in his favor and against Defendants Orions Management Group, LLC and U S Capital Claims LLC and award Plaintiff the following relief:

A. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and applicable Wisconsin law, including damages for emotional distress, inconvenience, frustration, time spent addressing Defendants' collection conduct, and other damages proven at trial;

B. Statutory damages pursuant to the Fair Debt Collection Practices Act, including damages available under 15 U.S.C. § 1692k(a)(2);

C. Statutory damages and all other available remedies pursuant to the Wisconsin Consumer Act, including Wis. Stat. § 425.304 and other applicable provisions;

D. A finding that Defendants violated the Fair Debt Collection Practices Act, including but not limited to:

1. 15 U.S.C. § 1692d;
2. 15 U.S.C. § 1692d(6);
3. 15 U.S.C. § 1692e;
4. 15 U.S.C. § 1692e(2)(A);
5. 15 U.S.C. § 1692e(5);
6. 15 U.S.C. § 1692e(10);
7. 15 U.S.C. § 1692e(11);
8. 15 U.S.C. § 1692f.

E. A finding that Defendants violated applicable provisions of the Wisconsin Consumer Act, including Wis. Stat. § 427.104;

F. A finding that Orions Management Group, LLC is responsible for the conduct of U S Capital Claims LLC because U S Capital Claims LLC acted as Orions Management Group, LLC's authorized collection agent and performed collection activities on Orions' behalf;

G. Punitive damages against Defendants to the extent permitted by Wisconsin law based upon Plaintiff's allegations that Defendants acted intentionally, willfully, maliciously, or with reckless disregard for Plaintiff's statutory rights;

H. Costs of this action and any other costs recoverable under applicable law;

I. Reasonable attorney's fees if Plaintiff becomes entitled to such fees under applicable law;

J. Pre-judgment and post-judgment interest as allowed by law;

K. Any additional relief the Court finds fair, reasonable, and appropriate.

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 8ᵗʰ day of July , 2026.

Respectfully submitted,

David Fredrick
Plaintiff, Pro Se

W4013 Lower Hebron Road
Fort Atkinson, WI 53538

Telephone: 920-222-1992

Email: dj.fredrick@yahoo.com

# VERIFICATION

I, David Fredrick, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on: 

David Fredrick
Plaintiff, Pro Se